46 So.2d 245

**FORE v. STATE.**

**6 Div. 957.**

Court of Appeals of Alabama.
May 9, 1950.

P. A. Nash, of Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was convicted by the court without a jury on this indictment (omitting formal parts): "The Grand Jury of said County charge that before the finding of this Indictment J. H. Fore, whose name to the grand jury is otherwise unknown, being of full age, did bet or hazard money or other things of value with Ray Cheaves, a minor, contrary to law, and against the peace and dignity of the State of Alabama."

The State rested without introducing any evidence as to the age of the accused. At this point in the proceedings the court expressed the view that the burden was on the defendant "to prove he is not 21."

The trial proceeded to its finality without any proof as to whether or not the appellant was "of full age" at the time of the alleged commission of the offense.

The matter of the full age of the accused was a material allegation of the indictment. It is made so by the specific provisions of the pertinent statute. Title 14, Sec. 268, Code 1940. See also, Title 15, Sec. 259, Subsec. 22, Code 1940.

Under the general rule applicable to all criminal cases, the burden of proof was on the prosecution to establish this essential element of the charged offense.

It follows that the judgment below must be reversed and the cause remanded. It is so ordered.

Reversed and remanded.